IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

TROY RODDY *et al*                                                                                   PLAINTIFFS
ADC #103051

V.                                       NO: 1:15CV00122 BRW/PSH

BRAWLEY *et al*                                                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge Billy Roy Wilson.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must:  (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Troy Roddy ("Roddy"), an inmate at the Grimes Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint and amended complaint on November 9, 2015, alleging he is in imminent danger of serious injury because medical staff is denying him treatment for hepatitis C due to the cost of such treatment.[1]  Roddy admittedly has previously accumulated

---

[1]Although several other plaintiffs were listed on the complaint, only Roddy signed the complaint and amended complaint, and the claims of all other plaintiffs have been dismissed.

1

three "strikes" under the Prison Litigation Reform Act ("PLRA").[2]  Under the three-strikes provision of the PLRA, a prisoner may not bring a civil action *in forma pauperis* if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Although Roddy is a "three-striker," the Court determined his complaint and amended complaint sufficiently alleged he is in imminent danger of serious physical injury, and granted his application for leave to proceed *in forma pauperis* ("IFP")(Doc. No. 8 and 9).

Defendants Correct Care Solutions, LLC, Linda Teague, Dr. David Fort, Sheila Armstrong, Billy Cowell, Brenda Bridgeman, and Aric Simmons have now filed a motion to revoke Roddy's IFP status on grounds that Roddy is in fact not in imminent danger of serious physical injury because he does not have hepatitis C (Doc. No. 34).  Roddy filed a response in opposition (Doc. No. 38). For the reasons set forth below, the Court recommends that the motion to revoke IFP status should be granted.

In support of their motion to revoke IFP status, defendants rely on medical records documenting assessment and treatment provided to Roddy on August 24, 2015, September 11, 23 and 24, 2015, and October 20, 21, and 29, 2015 (Doc. No. 34-1).  Those records indicate that Roddy was assessed at the Ouachita River Correction Unit on August 24, 2015.  An encounter note written that date by medical staff states that "I then gave inmate education material regarding his +HepC

---

[2]*See Roddy v. Duke*, ED/AR No. 5:00CV00030; *Roddy v. Garland*, ED/AR No. 5:00CV00084; *Proctor, Roddy, et al. v. Norris*, ED/AR No. 5:00CV00097. *See also Roddy v. Hobbs*, ED/AR No. 5:03CV00170 (recognizing Roddy's three strikes).

lab result." *Id.*, at 1. It appears that Roddy asked about receiving medications, and was told that the "medications are very costly and that labs are reviews (sic) by physician." *Id.* According to defendants, Roddy was transferred the following day to the Grimes Unit.

On September 11, 2015, Roddy was seen by nurse/defendant Linda Teague. Teague's notes reflect that Roddy questioned why he had not yet received medical treatment for hepatitis C. He was told that he would be seen in a chronic care visit, lab work would be done, and his levels would be monitored. Teague further noted, "Hep C disease discussed with inmate and the fact that we have a test from 2012, 2013 and 2014 that were negative for Hep C. Inmate doesn't want to hear what I have to say thinks that he needs treatment now...." *Id.*, at 2. On September 24, 2015, Roddy was seen related to a sick call request regarding when he would be treated in chronic care clinic for hepatitis C. Nurse Teague documented that Dr. Reichard had seen Roddy three days earlier, but that his chronic care appointment had been rescheduled. In her notes, Teague documents that she "instructed inmate that we would go ahead and draw his labs for Hep C." *Id.*, at 3.

The results of that lab work were discussed with Roddy on October 20, 2015. In notes from this encounter, nurse Teague states that Roddy had been misinformed about the hepatitis C lab results from August 2015. She notified Roddy that the results of that testing were <0.1, which was a negative result for hepatitis C. She also showed Roddy results from the recent lab draw, which were negative for hepatitis C. *Id.*, at 4. Roddy disagreed with Teague, and Teague offered another test to verify the results. Lab was drawn during that visit. *Id.*

According to medical encounter notes dated October 29, 2015, Roddy complained of a burning pain in his liver, stating that this was a symptom of hepatitis C. Nurse Sarah Elizabeth Ramsey documented that "current hep C lab" on October 21, 2015 showed negative results. *Id.*, at

5.

The medical records provided by defendants demonstrate that Roddy was initially misinformed about a hepatitis C diagnosis, and this was verified by two follow up tests. Roddy has offered no medical evidence to suggest that the two follow up tests were not accurate. If Roddy does not have hepatitis C, he could not have been in imminent danger of serious medical injury at the time he filed his complaint resulting from a failure to provide necessary treatment.

The Court relied on inaccurate information in determining that Roddy was in imminent danger of serious injury. Had the correct facts been known at the time of initial screening, the Court would not have conferred IFP status to Roddy. Now that those facts have come to light, the Court finds that Roddy's IFP status should be revoked. Accordingly, defendants' motion should be granted, and Roddy's complaint should be dismissed, subject to being reopened upon payment of the filing and administrative fees.

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion to revoke Roddy's *in forma pauperis* status (Doc. No. 34) be GRANTED, and plaintiff's complaint be DISMISSED WITHOUT PREJUDICE as to all defendants.

2. Roddy's case be subject to being reopened if he pays the full $400.00 filing and administrative fees, and files a motion to reopen, within 30 days.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 20th day of April, 2016.

_____
UNITED STATES MAGISTRATE JUDGE